UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
    Plaintiff,

vs

OHIO DEPARTMENT
OF CORRECTIONS, et al.,
    Defendants.

Case No. 1:14-cv-84

Beckwith, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

    Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Ohio Department of Rehabilitation and Corrections, Gary Mohr, Doctor Ahmed, and Christine Massey. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court on plaintiff's motion for leave to file an amended document (Doc. 3), motion for an extension of time (Doc. 5), motion to dismiss defendants (Doc. 7), and motion to amend (Doc. 8).

    Plaintiff's motion to file an amended document, motion to dismiss defendants Gary Mohr and the Ohio Department of Corrections, and motion to amend are **GRANTED**. (Doc. 3, 7, 8). Plaintiff's motion for an extension of time, in which plaintiff requests additional time to provide his prison trust fund account statement, is **DENIED AS MOOT**. (Doc. 5). As noted above, plaintiff has already been granted leave to proceed *in forma pauperis*.

    This matter is also before the Court for a sua sponte review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v.*

2

*Allain*, 478 U.S. 265, 286 (1986)).  While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.

In the complaint and amended document, plaintiff alleges that he has been denied medical care with respect to his back and mental health.  First, as to his back, plaintiff indicates that he has suffered from back pain and spasms from 2005 until the present. (Doc. 1; p. 5; Doc. 3, p. 5, 7).  He further indicates that his back is in continual pain, resulting in numbness and disrupting his daily activities and sleep.  *Id.*  Plaintiff alleges that due to the denial of treatment, his pain and suffering have increased and his back injury worsened.  (Doc. 3, p. 2).

In the amended complaint, plaintiff seeks to add B. Goodman, a member of the SOCF Mental Health Department, as a defendant in this action.  Plaintiff alleges that he has been denied access to mental health treatment while at SOCF.  The amended complaint is difficult to decipher, but it appears that plaintiff has made multiple unsuccessful attempts to obtain treatment through verbal requests to staff, filing informal grievances, and in Rules Infraction Board hearings.  (*See* Doc. 8).

Finally, plaintiff's complaint also includes allegations against Christine Massey for entering into a conspiracy to have another inmate attack him.  Plaintiff alleges that Massey directed threats at him and tried to carry out a "hit" against him with inmate Yancy.  (*See* Doc. 1, pp. 14–17).

3

For relief plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*See* Doc. 1, pp. 2-3; Doc. 3, p. 2; Doc. 8, pp. 4-5).

Liberally construed, plaintiff's complaint states an Eighth Amendment claim of deliberate indifference to his serious medical needs against defendants Doctor Ahmed and B. Goodman. *See Farmer v. Brennan,* 511 U.S. 825 (1994). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's conspiracy claims against defendant Christine Massey should be dismissed. Conspiracy claims "must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke,* 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff has alleged no facts in support of his conspiracy claim from which the Court can reasonably infer that defendant violated plaintiff's constitutional rights. *Iqbal,* 556 U.S. at 678. Accordingly, plaintiff's complaint should be dismissed as to defendant Christine Massey.

Finally, to the extent that plaintiff requests a "preliminary injunction" in this matter (Doc. 3, p. 2), his request should be denied. In determining whether to issue a preliminary injunction or temporary restraining order, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4

4. Whether the public interest would be served by a preliminary injunction.

*Northeast Ohio Coal. for Homeless and Srv. Emp. Inter. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998); *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n. 3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Blackwell*, 467 F.3d at 1009; Leary, 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir.1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

This Court finds that plaintiff has not alleged facts sufficient to warrant a preliminary injunction. Plaintiff has made no attempt to apply the above factors to his situation, he has not alleged facts indicating a substantial likelihood of success on the merits of his constitutional claims, and he has not alleged facts showing that he will suffer irreparable harm absent a preliminary injunction. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any constitutional deficiencies in the conditions of plaintiff's confinement.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction—to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102—would not be served. The present status quo in this case is, according to plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be

5

proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

Accordingly, in sum, plaintiff's Eighth Amendment claims may proceed against defendants Doctor Ahmed and B. Goodwin. Having found that plaintiff has failed to state a claim against defendant Christine Massey, the complaint should be dismissed as to this defendant. Finally, to the extent that plaintiff seeks a preliminary injunction in this matter, his request should be denied.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims against Christine Massey be **DISMISSED**.
2. Plaintiff's request for a preliminary injunction be **DENIED**.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to for leave to leave to file an amended document (Doc. 3), motion to dismiss defendants (Doc. 7), and motion to amend (Doc. 8) are **GRANTED.**

2. Plaintiff's motion for an extension of time is **DENIED AS MOOT**. (Doc. 5).

3. The United States Marshal shall serve a copy of the complaint (Doc.1), amended document (Doc. 3), motion to dismiss defendants (Doc. 7), amended complaint (Doc. 8), summons, and this order upon defendants Doctor Ahmed and B. Goodwin as directed by plaintiff. All costs of service shall be advanced by the United States.

4. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to

defendant or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

    5. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 4/4/14

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
    Plaintiff,

vs

OHIO DEPARTMENT
OF CORRECTIONS, et al.,
    Defendants.

Case No. 1:14-cv-84

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).