UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
   Plaintiff,

vs.

OHIO DEPARTMENT OF
CORRECTIONS, *et al.*,
   Defendants.

Case No. 1:14-cv-84

Beckwith, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this civil rights against defendants Ohio Department of Rehabilitation and Corrections, Gary Mohr, Doctor Ahmed, and B. Goodman. (Doc. 1). Plaintiff is proceeding pro se and *in forma pauperis*. (Doc. 3). This matter is before the Court on plaintiff's motion for a temporary restraining order (TRO) (Doc. 33).

Plaintiff's motion provides as follows:

> Plaintiff requests this 'TRO' to *(cease)* STOP the threats, Harrassment Denied access to Food, Repeated systematic taking of Legal work, Retaliation of their Blue-code tactic of terrorization against me, Re: Following staffs: (1) C/O Lemon (2) C/O Sparks (3) Sgt. Chris Pyane (4) Kelly Miller (5) All Staff IE.

(Doc. 33 at 1). Plaintiff has submitted a "declaration" in support of his motion wherein he states that he was denied access to breakfast by the above named individuals on September 29, 2014. (*Id.* at 2). Plaintiff further states that these individuals are destroying his legal work and he asks the Court to enter an order that this retaliation be stopped. (*Id.*).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

    1.    Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction. Plaintiff has made no attempt to apply the above factors to his situation. In addition, he has not presented any evidence showing a substantial likelihood of success on the merits of his constitutional claims, or that he will suffer irreparable harm absent a preliminary injunction. Plaintiff's allegations in his motion do not constitute evidence supporting injunctive relief. In the absence of any evidence supporting plaintiff's motion, the motion should be denied.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102 -- would not be served. The only defendants in this case are the Ohio Department of Corrections, Gary Mohr, Doctor Ahmed, and B. Goodman. *See* Docs. 1, 16. Plaintiff's motion for a TRO, however, seeks to enjoin the conduct of Correctional Officer Lemon, Correctional Officer Sparks, Sgt. Chris Pyane, Kelly Miller, and "all Staff IE," none of

-3-

whom are parties to this lawsuit. (Doc. 33 at 1). The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring individuals who are not defendants in this lawsuit and over whom the Court has no jurisdiction to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

Accordingly, it is **RECOMMENDED** that plaintiff's motion for a temporary restraining order (Doc. 33) be **DENIED.**

Date: 3/18/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
   Plaintiff,

vs.

OHIO DEPARTMENT OF
CORRECTIONS, *et al.*,
   Defendants.

Case No. 1:14-cv-84

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).