UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
Plaintiff,

vs.

OHIO DEPARTMENT OF
CORRECTIONS, *et al.*,
Defendants.

Case No. 1:14-cv-84

Beckwith, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this civil rights against defendants Ohio Department of Rehabilitation and Corrections, Gary Mohr, Doctor Ahmed, and B. Goodman. (Doc. 1). Plaintiff is proceeding pro se and *in forma pauperis*. (Doc. 3). This matter is before the Court on plaintiff's motion for summary judgment (Doc. 34), defendants' response in opposition (Doc. 35), and plaintiff's reply memorandum (Doc. 36).

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Plaintiff's motion for summary judgment consists entirely of unsupported assertions that defendants denied him access to adequate medical care or provided him improper medical treatment. (Doc. 34). Plaintiff has submitted no evidence in support of his motion.[1] In the absence of any evidence

---

[1] Plaintiff's reply memorandum includes the "Declaration of Inmate Cooper." *See* Doc. 36, Ex. A. Mr. Cooper's "Declaration" relates to a November 19, 2014 incident whereby another SOCF inmate identified as "Inmate Osama" allegedly "attacked and assaulted" plaintiff despite plaintiff providing notice to SOCF employees that "Inmate Osama" was going to hurt himself or someone else. *See id.* This alleged incident is unrelated to the claims which form the basis of plaintiff's complaint – that defendants denied plaintiff proper medical care in violation of his Eighth Amendment constitutional rights. *See* Doc. 1. Accordingly, Mr. Cooper's "Declaration" is not relevant for purposes of assessing the instant motion for summary judgment.

supporting his claims, plaintiff's motion for summary judgment must be denied. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . . .").

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion for summary judgment (Doc. 34) be **DENIED.**

Date: 3/18/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
    Plaintiff,

vs.

OHIO DEPARTMENT OF
CORRECTIONS, *et al.*,
    Defendants.

Case No. 1:14-cv-84

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).