UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert E. Perdue,  : Case No. 1:14-cv-084
    Plaintiff,  :
vs.  :
Ohio Department of Corrections, et al,  :
    Defendants.  :

**ORDER**

The Magistrate Judge filed two Reports in this case concerning two motions filed by the Plaintiff, Robert Perdue.  The first Report (Doc. 37) recommends that Plaintiff's motion for a temporary restraining order be denied.  The second Report (Doc. 38) recommends that Plaintiff's motion for summary judgment be denied.  Plaintiff has filed objections to both of these Reports.  (Docs. 39, 40)

Plaintiff is an inmate at the Southern Ohio Correctional Facility, and is proceeding pro se in this case.  He filed a motion seeking a temporary restraining order to stop various prison staff from making threats, taking his legal work, retaliating against him by their "Blue-code tactic of terrorization," and denying him meals.  (See Doc. 33) The Magistrate Judge found that Plaintiff did not allege facts that would be sufficient to warrant a preliminary injunction, which requires the Court to consider four factors: (1) has Plaintiff shown a likelihood of success on the merits of his Eighth Amendment claims; (2) will Plaintiff suffer irreparable harm without injunctive relief; (3) will an injunction cause harm to others; and (4) is the public interest served by granting the injunction.  See Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000).   Plaintiff's

motion fails to address these factors, and purports to seek affirmative relief against correctional officers who are not parties to this case. Moreover, the injunction Plaintiff seeks would address alleged problems and deficiencies that have yet to be proven. For these reasons, the Magistrate Judge recommended that Plaintiff's motion be denied.

Plaintiff objects, relying on his declaration that he was denied breakfast on September 29, 2014, and which states that individual officers are "destroying his legal work." (Doc. 39 at 1) He makes no attempt to address the four factors that are relevant to the grant of injunctive relief. And he does not respond to the Magistrate Judge's apt observation that he is seeking affirmative relief against non-parties to his lawsuit. The Court agrees with the Magistrate Judge that Plaintiff has not shown that he is entitled to preliminary injunctive relief.

In the Second Report (Doc. 38), the Magistrate Judge recommends that Plaintiff's motion for summary judgment be denied. Plaintiff's motion (Doc. 34) states that he filed his lawsuit against ODRC medical personnel, and reviews his claims that he has been denied medical treatment and discriminated against based on his military service. The Magistrate Judge found that Plaintiff's pending motion is based entirely on his own unsupported assertions that Plaintiff has been denied adequate medical care, and provided with improper treatment. The only "evidence" submitted by Plaintiff is a declaration of another inmate (David Cooper), submitted with his reply. Cooper states that a third inmate (someone he calls "Osama") attacked Plaintiff after this other inmate complained that he was hearing voices and was in need of help. (Doc. 36 at 3) This evidence is not relevant to Plaintiff's motion, which contends that Plaintiff is not receiving proper medical care. The Magistrate Judge concluded that in the absence of

any relevant, admissible evidence, Plaintiff's motion must be denied.

Plaintiffs objects, arguing that the declaration of his fellow inmate Cooper establishes that the Defendants "failed to control and properly medicate" the inmate who allegedly attacked Plaintiff. (Doc. 40) The "Defendants" he refers to are apparently unnamed corrections officers who presumably overheard "Osama" prior to the assault. Plaintiff's Eighth Amendment claims alleged in his complaint, and on which he presumably seeks summary judgment, are not brought against these unnamed corrections officers. Moreover, as the Magistrate Judge correctly concluded, Plaintiff has not proffered relevant, admissible evidence supporting his claims regarding his own medical treatment such that summary judgment would be proper.

The Court has conducted a de novo review of the record, pursuant to 28 U.S.C. §636(b) and Federal Rule of Civil Procedure 72(b). The Court finds that Plaintiff's objections to the Magistrate Judge's Reports, and the recommendations contained in both of the Reports, are not well taken. Plaintiff's objections (Docs. 39, 40) are therefore overruled. The Court adopts the Magistrate Judge's Reports (Docs. 37 and 38) in full.

SO ORDERED.

DATED: April 14, 2015                              s/Sandra S. Beckwith
                                                                                Sandra S. Beckwith, Senior Judge
                                                                                United States District Court