UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert E. Perdue,                           :        Case No. 1:14-cv-084
                                            :
        Plaintiff,                          :
                                            :
vs.                                         :
                                            :
Ohio Department of Corrections, et al,      :
                                            :
        Defendants.                         :

**ORDER**

Plaintiff Robert Perdue filed his original pro se complaint on January 28, 2014,

alleging various constitutional and civil rights claims against the Ohio Department of

Corrections and several individual officers.  (Doc. 1)   As the docket reflects, Plaintiff

vigorously pursued his claims and filed motions seeking various forms of relief.  On

February 2, 2016, after several months of inactivity in the case, the Magistrate Judge

entered a calendar order setting a discovery deadline of June 2, and a dispositive motion

deadline of July 2, 2016.  (Doc. 42)

On May 2, 2016, Defendants filed a motion to dismiss the complaint for lack of

prosecution.  (Doc. 46) The motion states that mail addressed to Plaintiff at his address of

record has been returned to the Attorney General's office.  The Court's docket also reflects

that the copy of the February 2 calendar order mailed to Plaintiff was returned to this Court

with a handwritten note stating that Plaintiff was "paroled 7-20-15."  (Doc. 44)   Plaintiff has

not notified the Court of his new address, despite this Court's prior order requiring him to

promptly notify the Court of any change in his address and location.  (See Doc. 12)

Defendants assert that they are unable to contact Plaintiff to schedule his deposition and

complete discovery, and that it appears Plaintiff has either abandoned his case or he does not wish to proceed. Defendants also contend that because he has failed to inform the Court and the Defendants of his whereabouts, he has failed to state a claim for relief, entitling Defendants to a dismissal with prejudice.

The Court notified Plaintiff that he was required to timely respond to Defendants' motion to dismiss, warning him that if he did not do so the Court would dismiss his case for failure to prosecute. (Doc. 47) That notice was also returned to the Court, marked as undeliverable/unable to forward, with a handwritten note stating "Released 7-20-15." (Doc. 48) Plaintiff has not timely responded to Defendants' motion to dismiss. He has failed to inform the Court of his current address, and he has not responded to notices issued by the Court. Nor has he taken any steps to move his case toward trial or resolution for over a year. The Court can only conclude that Plaintiff has not diligently prosecuted his lawsuit. Therefore, for good cause shown, Defendants' motion to dismiss (Doc. 46) is granted. The Court hereby dismisses Plaintiff's complaint, without prejudice, for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal of this Order would not be taken in good faith, and denies Hill leave to appeal in forma pauperis. See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

SO ORDERED.

THIS CASE IS CLOSED.

DATED: May 31, 2016                          s/Sandra S. Beckwith
                                             Sandra S. Beckwith, Senior Judge
                                             United States District Court

-2-